**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LORENZO ANTHONY,**

       **Plaintiff,**        **CIVIL ACTION NO. 08-CV-11436-DT**

  **vs.**

                       **DISTRICT JUDGE DENISE PAGE HOOD**

**BARBARA RANGER,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    The Motions to Dismiss filed by Defendants Williams, Valone, Williamson, Piche, Roth, Birkett, Krajnik, Straub, Newview, and Lockwood (docket no. 32), Lesneski, Samuels, and Pintar (docket no. 33), and Jennifer Miller (docket no. 36) should be **GRANTED.**

**II.**    **REPORT:**

This matter comes before the Court on the Motions to Dismiss filed by Defendants Williams, Valone, Williamson, Piche, Roth, Birkett, Krajnik, Straub, Newview, and Lockwood (docket no. 32), Lesneski, Samuels, and Pintar (docket no. 33), and Jennifer Miller (docket no. 36). Plaintiff has not responded to any of these motions, and the time for responding has now expired.[1]  E.D. Mich. LR 7.1(d)(1).  This action has been referred for all pretrial matters. (Docket no. 6).  The Court

---

[1] After the response time expired and after the Court drafted this Report, Plaintiff filed a motion for extension of time to respond which will be denied as to these motions. (Docket no. 44).

dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). Defendants' motions are now ready for ruling.

**A.     Facts and Claims**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff is a frequent litigator who has filed actions with similar allegations in the past. *See, e.g., Anthony v. Walker*, No. 07-10351 (E.D. Mich. June 18, 2008) (dismissed summarily for failing to state a claim upon which relief could be granted). Plaintiff names 21 defendants in this action. (Docket no. 1). He seeks a declaratory judgment and compensatory and punitive damages. (*Id.*). The defendants include correctional staff, an administrative hearings officer, a county prosecutor, an attorney, and state police officers. (*Id.*).

Plaintiff's lengthy Complaint details how he engages in "sexually entertaining" conduct by masturbating in the presence of female correctional officers, often when they are making their rounds checking inmates' cells. (Docket no. 1 at 15). His Complaint also reveals that prison disciplinary charges were issued against him by various staff persons for such acts. He was found guilty of at least one charge of sexual assault by striking a staff member with his penis. (*Id.* at 47). Plaintiff also pled guilty to state criminal charges related to his making physical contact with a female officer with his erect penis during the time period relevant to Plaintiff's Complaint. (Docket no. 33-2 (printout of Department of Corrections' Offender Tracking Information System showing Plaintiff pled to and was sentenced for attempted aggravated indecent exposure and to indecent exposure with respective offense dates of 11/30/07 and 3/12/06)).

Plaintiff's Complaint also alleges that he was transferred from another prison to Standish Maximum Correctional Facility (SMF) on November 23, 2005 on a writ to appear in court in one

of his many lawsuits. At the end of the trial, Defendants Straub, Birkett, and Krajnik allegedly conspired to not send him back to his former prison but to keep Plaintiff at SMF so that staff there could retaliate against him for his filing of grievances and lawsuits. The retaliation came in the form of prison disciplinary charges and criminal charges. Plaintiff asserts that each of the moving Defendants played some role in the conspiracy because of his grievances and lawsuits and to obtain money for Arenac County. (Docket no. 1). Count 1 of Plaintiff's Complaint is for a declaratory judgment. (*Id*. at 36). Count 2 alleges retaliation in violation of the First Amendment. (*Id*. at 37). Count 3 alleges civil conspiracy. (*Id*. at 38). Count 4 alleges claims of abuse of process and abuse of government powers. Finally, Count 5 alleges a violation of the RICO Racketeering Act. (*Id*. at 40). All Defendants move to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

  **B.**  **Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

  **C.**  **Analysis**

    **1.**  **State Police Defendants – Lesneski, Pintar, and Samuels**

These three Defendants are all state police officers. (Docket no. 1 at 7). Plaintiff claims that they each played a part in bringing false charges against Plaintiff that in March 2006 he struck a

female correctional officer with his penis. (Docket no. 1 at 21-24). Defendants show that Plaintiff pled guilty to an indecent exposure charge for conduct occurring in March 2006. (Docket no. 33-2). Defendants therefore argue that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case the Supreme Court found that in order to recover damages for an allegedly unconstitutional conviction, a section 1983 plaintiff must prove that the conviction has been reversed or otherwise declared invalid. A section 1983 claim therefore is not cognizable if it would imply the invalidity of the conviction that has not yet been invalidated. Plaintiff's claim against these Defendants is that the charges against him that they pursued were false. This allegation necessarily implies the invalidity of his conviction for indecent exposure. Because Plaintiff's conviction has not been invalidated, he cannot state a claim for damages against these Defendants.

Plaintiff's request for declaratory relief, based solely on past wrongdoing, is too speculative to state a valid claim for such relief against these Defendants. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-11 (1983).

Even if this action is not barred by *Heck*, Plaintiff also fails to state a claim for civil conspiracy against these Defendants. Section 1985(3) requires a showing that the discrimination complained of was based on race. *Haverstick Enters., Inc., v. Financial Fed. Credit, Inc.,* 32 F.3d 989, 993-94 (6th Cir. 1994). Plaintiff fails to allege that any acts were committed because of his race. Claims of conspiracy under section 1983 must be pled with some specificity; vague and conclusory allegations that are unsupported by material facts are not sufficient to state a claim under section 1983. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff's claims that these Defendants conspired with the other Defendants, primarily employees of the Michigan Department of Corrections, are simply conclusory allegations unsupported by specific facts. Plaintiff's conspiracy

claim is therefore subject to dismissal for failure to state a claim under section 1983. *See Farhat*, 370 F.3d at 599.

Finally, Plaintiff fails to state a claim of a RICO violation against these Defendants. In order to state such a claim Plaintiff must plead two or more predicate offenses, the existence of an "enterprise," a nexus between the racketeering activity and the enterprise, and injury. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). Plaintiff has failed to sufficiently plead any of these elements.

Plaintiff does not name these three Defendants in Count 2, the retaliation claim. The state tort claims will be addressed below. Because Plaintiff has failed to state a claim upon which relief may be granted as to the three Michigan State Police Defendants, they should be dismissed from this action.

### 2. Remaining Defendants

The remaining Defendants who are moving to dismiss are similarly situated so that the claims against them may be addressed together. Defendants Jennifer Miller, E. Newview, Jan Roth, and Thelma Williams are resident unit officers at SMF. (Docket no. 1 at 4). Defendant Birkett is the warden at SMF. (*Id*.). Defendant Krajnik is a resident unit manager at that facility. (*Id*.). Defendant Straub is a deputy director for the Department of Corrections. (*Id*. at 5). Defendant Lockwood is an inspector at SMF. (*Id*.). Defendants Piche and Williamson are correctional officers at SMF. (*Id*.). Defendant Valone is the law librarian there. (*Id*. at 5-6).

Plaintiff's primary claim against these Defendants is that they conspired to house him at SMF so that they could retaliate against him by bringing false prison misconduct charges and criminal charges because he files grievances and lawsuits. To maintain a successful First

Amendment retaliation claim Plaintiff must show that: (1) he was engaged in protected activity; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) there is a causal connection between the activity and adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Conclusory allegations of retaliatory motive unsupported by any specific factual foundation are insufficient to state a claim under section 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

When prison officials charge a prisoner with misconduct or cause criminal charges to be brought they are, in a sense, always retaliating against the prisoner. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). The Eighth Circuit has found that while a prisoner may claim that disciplinary actions were based on false allegations, no claim may be stated when the alleged retaliation arose from discipline imposed for acts that a prisoner was not entitled to perform. *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). Similarly, the Sixth Circuit has found that if a prisoner violates a legitimate prison regulation, he is not engaged in constitutionally protected conduct and may not state a claim for retaliation. *Thaddeus-X*, 175 F.3d at 395; *Thomason v. Coble*, 100 Fed. App'x 522, 523 (6th Cir. 2004). In this action Plaintiff freely admits that he frequently engages in at least acts of indecent exposure which he is not entitled to perform under the law and prison regulations. (Docket no. 1 at 15). He has been convicted of such offenses in prison hearings and in state court hearings. (*Id*. at 47; docket no. 33-2). Plaintiff may not state a claim of retaliation when prison officials charge him for such conduct.[2]

---

[2] Plaintiff fails to sufficiently allege that his being transferred to SMF was based on a retaliatory motive and that there is a causal connection between his transfer and his allegedly protected conduct.

Because there is no underlying constitutional violation, Plaintiff's claims of a conspiracy also fail. *See Taylor v. City of Detroit*, 368 F. Supp. 2d 676, 693 (E.D. Mich. 2005). Plaintiff's claim for a declaratory judgment fails because, as discussed above, it is too speculative. *See City of Los Angeles*, 461 U.S. at 105. Plaintiff fails to state a claim of a RICO violation against these Defendants just as he fails to do against the state police Defendants. *Frank v. D'Ambrosi*, 4 F.3d at 1385.

Defendant Valone, the prison law librarian, allegedly filed a misconduct charge for theft and possession of stolen property against Plaintiff when Plaintiff attempted to make photocopies of some documents belonging to another prisoner. (Docket no. 1 at 34-35). Plaintiff complains that Defendant Valone should have known that he did not steal the documents and alleges that Defendant Valone did this because Plaintiff was "prosecuting his civil action" in another lawsuit. (*Id.* at 35). Plaintiff alleges that he was found not guilty of the charges in a prison misconduct hearing. (*Id.* at 36). These allegations fall short of stating a claim of retaliation. There are no specific facts showing a causal connection between the filing of this misconduct charge and Plaintiff's other civil action. *See Harbin-Bey*, 420 F.3d at 580.

Finally, Plaintiff attempts to bring state tort claims against all of the moving Defendants in Count 4 of his Complaint. (Docket no. 1 at 39). He alleges abuse of process and abuse of government powers. (*Id.*). Because this Court is recommending that all federal claims against the moving Defendants be dismissed, these state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   June 30, 2009                          s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Lorenzo Anthony and Counsel of Record on this date.

Dated:   June 30, 2009                      s/ Lisa C. Bartlett
                                                          Courtroom Deputy