UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,        CIVIL ACTION NO. 08-CV-11436-DT

vs.

                          DISTRICT JUDGE DENISE PAGE HOOD

BARBARA RANGER,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

### REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    The Motion to Dismiss filed by Defendant Ranger (docket no. 41) should be **GRANTED IN PART AND DENIED IN PART.**  Plaintiff's Counts 1, 3, and 5 should be dismissed, and Counts 2 and 4 should remain against Defendant Ranger.

**II.    REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Ranger. (Docket no. 41).  Plaintiff has responded.  (Docket no. 56).  This action has been referred for all pretrial matters.  (Docket no. 6).  The Court dispenses with oral argument on this motion.  E.D. Mich. LR 7.1(e).  Defendant's motion is now ready for ruling.

    **A.**    **Facts and Claims**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff is a frequent litigator who has filed actions with similar allegations in the past.  *See, e.g., Anthony v. Walker*, No. 07-10351 (E.D. Mich. June 18, 2008) (dismissed summarily for failing to state a claim upon which relief could be granted).  Plaintiff names 21 defendants in this action.

-1-

(Docket no. 1). He seeks a declaratory judgment and compensatory and punitive damages. (*Id*.). The defendants include correctional staff, an administrative hearings officer, a county prosecutor, an attorney, and state police officers. (*Id*.). Defendant Ranger was an assistant resident unit supervisor at Standish Correctional Facility. (*Id*.).

Plaintiff's lengthy Complaint details how he engages in "sexually entertaining" conduct by masturbating in the presence of female correctional officers, often when they are making their rounds checking inmates' cells. (Docket no. 1 at 15). Plaintiff alleges that on March 8, 2006 Defendant Ranger came to his cell to pick up his legal mail, encouraged him to give up filing grievances and lawsuits saying that the prison "doesn't take kindly to prisoners who sue staff." (Docket no. 1 at 11). Plaintiff refused to agree to cooperate. Plaintiff then says that Defendant Ranger made motions suggesting that he had done something to her that he did not do. Defendant Ranger then allegedly wrote a false, retaliatory major misconduct report on Plaintiff for sexual assault. (*Id*. at 13). He supposedly slapped Defendant Ranger's hand with his erect penis through the cell's food slot. (*Id*.). Plaintiff was found guilty of this offense and was sentenced to 30 days of detention. (*Id*. at 14-15). A state criminal charge was filed against Plaintiff based on this incident but was dismissed when Plaintiff pled guilty to other allegedly unrelated state charges. (*Id*. at 26; docket no. 1-2 at 18).

Count 1 of Plaintiff's Complaint is for a declaratory judgment. (*Id*. at 36). Count 2 alleges retaliation in violation of the First Amendment. (*Id*. at 37). Count 3 alleges civil conspiracy. (*Id*. at 38). Count 4 alleges claims of abuse of process and abuse of government powers. Finally, Count 5 alleges a violation of civil RICO (Racketeer Influenced Corrupt Organization). (*Id*. at 40).

Defendant Ranger moves to dismiss all claims against her pursuant to Fed. R. Civ. P. 12(b)(6). She has not briefed the issues. Rather, Defendant Ranger relies upon the arguments advanced by her co-defendants in their motions to dismiss. (Docket nos. 32, 36). This Court earlier recommended that those co-defendants be dismissed from this action. (Docket no. 46).

**B.   Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

**C.   Analysis**

**1.   RICO**

In order to state a claim for civil RICO, Plaintiff must plead two or more predicate offenses, the existence of an "enterprise," a nexus between the racketeering activity and the enterprise, and injury. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). Plaintiff has failed to sufficiently plead any of these elements against Defendant Ranger. Plaintiff's Count 5 should be dismissed as to her.

**2.   Conspiracy**

Plaintiff claims that the Defendants conspired with each other to violate his rights in Count 3. (Docket no. 1 at 38). Section 1985(3) prohibits two or more persons from conspiring to deprive a person of rights or privileges. 42 U.S.C. § 1985(3). That section requires a showing that the

discrimination complained of was based on a factor such as race. *Haverstick Enters., Inc., v. Financial Fed. Credit, Inc.,* 32 F.3d 989, 993-94 (6th Cir. 1994). Plaintiff fails to allege that any acts were committed because of such a factor. Claims of conspiracy under section 1983 must be pled with some specificity; vague and conclusory allegations that are unsupported by material facts are not sufficient to state a claim under section 1983. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff's claims that Defendant Ranger conspired with the other Defendants, primarily other employees of the Michigan Department of Corrections, are simply conclusory allegations unsupported by specific facts. Plaintiff's conspiracy claim against Defendant Ranger is therefore subject to dismissal for failure to state a claim under section 1983 and section 1985. *See Farhat*, 370 F.3d at 599.

### 3. Retaliation

In Count 2 Plaintiff alleges that Defendant Ranger retaliated against him in violation of his First Amendment rights. (Docket no. 1 at 37-38). The only incident which personally involves Defendant Ranger is her alleged false accusation of sexual assault against Plaintiff on March 8, 2006. (*Id*. at 11). In order to state a claim of retaliation under the First Amendment Plaintiff must allege that he was engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and there is a causal connection between the two. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff alleges that Defendant Ranger falsely accused him because he refused to drop pending lawsuits and grievances. (Docket no. 1 at 12-14). Filing lawsuits and grievances are protected conduct under the First Amendment. *See Thaddeus-X*, 175 F.3d at 396. Therefore, Plaintiff has sufficiently alleged the first element of a retaliation claim.

The second element is to show that an adverse action was taken against him. Plaintiff shows by the attachment of his prison disciplinary hearing report that he was sentenced to 30 days of detention for this act. (Docket no. 1 at 47). Although the parties do not explain the meaning of "detention," courts have found that placement in a segregated status is sufficient to constitute an adverse action for retaliation purposes. *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002) Therefore, Plaintiff has alleged the second element of a retaliation claim against Defendant Ranger.

The final element is the causation element. Plaintiff must allege that there is a causal connection between Defendant Ranger formally accusing him of sexual assault and his refusal to drop his lawsuits and grievances. Plaintiff alleges that just before Defendant Ranger made the allegedly false report, he refused her advice to drop his cases and she said that she would "teach him." (Docket no. 1 at 12-13). This constitutes a sufficient causal connection between the two events. *See Thaddeus-X*, 175 F.3d at 399-400. Plaintiff has therefore adequately alleged the final element of a retaliation claim.

The facts surrounding Defendant Ranger's alleged act and the acts of her co-defendants prevent this Court from recommending dismissal of all claims as it did for the co-defendants. First, the state criminal charge arising from Defendant Ranger's accusation was dismissed unlike the other criminal charges against Plaintiff upon which Plaintiff was convicted. (Docket no. 1-2 at 14). The bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), which applies when a conviction has not been reversed or otherwise declared invalid, does not apply to Defendant Ranger. Moreover, although Plaintiff admits to acts of indecent exposure, he does not admit that he committed the sexual assault complained about by Defendant Ranger. Therefore, the differing facts cause a different outcome

on Defendant's contention that Plaintiff has failed to state a claim for retaliation. Plaintiff's Count 2 claim should not be dismissed.

### 4. Declaratory Relief

In Count 1 Plaintiff requests declaratory relief. (Docket no. 1 at 36). A request for declaratory relief based solely on past wrongdoing is too speculative to state a valid claim upon which relief may be granted. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-11 (1983); *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 967 (6th Cir. 2009), *petition for cert. filed* (July 30, 2009). This is especially true for Defendant Ranger whom Plaintiff alleges is now retired. (Docket no. 1 at 3-4). Therefore, Plaintiff's Count 1 should be dismissed.

### 5. State Tort Claims

Plaintiff raises in Count 4 the state tort claims of abuse of process and abuse of government powers. (Docket no. 1 at 39). Because this Court is recommending that the retaliation claim against Defendant Ranger survive this motion to dismiss, these state law claims should remain in the case. If the retaliation claim is later dismissed, such as on a motion for summary judgment, these state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's Count 4 should remain.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  8/21/09                              s/Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE