UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

           **Plaintiff,**          CIVIL ACTION NO. 08-CV-11436-DT

    vs.

                          DISTRICT JUDGE DENISE PAGE HOOD

BARBARA RANGER,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
           **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION:**   The Motion to Dismiss filed by Defendants Broughton and Vollbach (docket no. 50) should be **GRANTED**, and these Defendants should be dismissed.

**II.**   **REPORT:**

      This matter comes before the Court on the Motion to Dismiss filed by Defendants Broughton and Vollbach. (Docket no. 50). Plaintiff has responded. (Docket no. 66). This action has been referred for all pretrial matters. (Docket no. 6). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). Defendants' motion is now ready for ruling.

      **A.**    **Facts and Claims**

      This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff is a frequent litigator who has filed actions with similar allegations in the past. *See, e.g., Anthony v. Walker*, No. 07-10351 (E.D. Mich. June 18, 2008) (dismissed summarily for failing to state a claim upon which relief could be granted). Plaintiff names 21 defendants in this action. (Docket no. 1). He seeks a declaratory judgment and compensatory and punitive damages. (*Id.*).

-1-

The defendants include correctional staff, an administrative hearings officer, county prosecutors, an attorney, and state police officers. (*Id*.). Defendants Broughton and Vollbach are Arenac County, Michigan, prosecutors who played a part in convicting Plaintiff on state charges related to Plaintiff's conduct at Standish Correctional Facility. (*Id*.). Plaintiff sues them in their personal capacities only. (*Id*.).

Plaintiff's lengthy Complaint details how he engages in "sexually entertaining" conduct by masturbating in the presence of female correctional officers, often when they are making their rounds checking inmates' cells. (Docket no. 1 at 15). Plaintiff alleges that on April 5, 2006 Defendant Vollbach authorized the issuance of a warrant for Plaintiff on charges of Felony Assault of Prison Employee, Barbara Ranger. Defendant Lesneski was the complaining witness on that warrant request. (Docket no. 1-2 at 6). Plaintiff also alleges that on June 9, 2006 Defendant Broughton authorized the issuance of an amended warrant for Plaintiff on charges of Assault of Prison Employee, Barbara Ranger, and Criminal Sexual Conduct upon Barbara Ranger. Defendant Pintor was the complaining witness on that warrant request. (Docket no. 1-2 at 11). Additionally, on September 6, 2006 Defendant Broughton signed an Information against Plaintiff on charges of Criminal Sexual Conduct upon Barbara Ranger. (*Id*. at 15). Defendant Broughton also signed a Supplemental Information for being an habitual offender against Plaintiff on September 6, 2006. (*Id*. at 16). Plaintiff generally alleges that Defendants Vollbach and Broughton were conspiring with state police officers and prison officials in bringing these charges.

Count 1 of Plaintiff's Complaint is for a declaratory judgment. (Docket no. 1 at 36). Count 2 alleges retaliation in violation of the First Amendment. (*Id*. at 37). Count 3 alleges civil conspiracy. (*Id*. at 38). Count 4 alleges claims of abuse of process and abuse of government

powers.  Finally, Count 5 alleges a violation of civil RICO (Racketeer Influenced Corrupt Organization).  (*Id*. at 40).

Defendants Broughton and Vollbach  move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants rely on the arguments advanced by co-Defendants in this action.  (Docket no. 50 at 7).  Defendants also rely upon absolute prosecutorial immunity pursuant to *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

**B.    Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint.  (*Id*.).  The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

**C.    Analysis**

**1.    RICO**

In order to state a claim for civil RICO, Plaintiff must plead two or more predicate offenses, the existence of an "enterprise," a nexus between the racketeering activity and the enterprise, and injury.  *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993).  Plaintiff has failed to sufficiently plead any of these elements against Defendants Broughton and Vollbach.  Plaintiff's Count 5 should be dismissed as to them.

**2.    Conspiracy**

Plaintiff claims that the Defendants conspired with each other to violate his rights in Count 3. (Docket no. 1 at 38). Section 1985(3) prohibits two or more persons from conspiring to deprive a person of rights or privileges. 42 U.S.C. § 1985(3). That section requires a showing that the discrimination complained of was based on a factor such as race. *Haverstick Enters., Inc., v. Financial Fed. Credit, Inc.,* 32 F.3d 989, 993-94 (6th Cir. 1994). Plaintiff fails to allege that any acts were committed because of such a factor. Claims of conspiracy under section 1983 must be pled with some specificity; vague and conclusory allegations that are unsupported by material facts are not sufficient to state a claim under section 1983. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff's claims that Defendants Broughton and Vollbach conspired with the other Defendants, primarily employees of the Michigan Department of Corrections and state police, are simply conclusory allegations unsupported by specific facts. Plaintiff's conspiracy claims against Defendants Broughton and Vollbach are therefore subject to dismissal for failure to state a claim under section 1983 and section 1985. *See Farhat*, 370 F.3d at 599.

### 3.    Retaliation

In Count 2 Plaintiff alleges that Defendants retaliated against him in violation of his First Amendment rights. (Docket no. 1 at 37-38). In order to state a claim of retaliation under the First Amendment Plaintiff must allege that he was engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and there is a causal connection between the two. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff alleges that the charges against him pursued by Defendants were false. These charges were allegedly made against him because he refused to drop pending lawsuits and

grievances.  (Docket no. 1 at 12-14).  Filing lawsuits and grievances are protected conduct under the First Amendment.  *See Thaddeus-X*, 175 F.3d at 396.  Therefore, Plaintiff has sufficiently alleged the first element of a retaliation claim.

The second element is to show that an adverse action was taken against him.  These two Defendants had a role only in the criminal charges filed against Plaintiff.  Plaintiff alleges that he pled guilty to some charges and received a sentence of one year in prison.  (Docket no. 1 at 27).  Defendants apparently played a role in prosecuting these charges.  (Docket no. 1-2 at 17).  Therefore, Plaintiff has alleged an adverse action, the prosecution of criminal charges for which he received a year's sentence, and satisfied the second element of a retaliation claim.

The final element is the causation element.  Plaintiff must allege that there is a causal connection between Defendants' actions and his refusal to drop his lawsuits and grievances.  Plaintiff makes simply unsupported, conclusory claims of conspiracy to connect Defendants' actions with Plaintiff's lawsuits and grievances.  (Docket no. 1).  As discussed above, these allegations are not sufficient to state a claim of conspiracy.  Therefore, they fail to connect Defendants Broughton and Vollbach to Plaintiff's lawsuits and grievances.  Plaintiff has failed to satisfy the final element of the test for stating a retaliation claim.  Plaintiff's Count 2 should be dismissed against Defendant Broughton and Vollbach.

Even if Plaintiff had stated a claim of retaliation, it would have to be dismissed because Defendants are protected by absolute immunity for all of the acts they performed which form the basis for Plaintiff's retaliation and all other claims.  Absolute immunity provides immunity for prosecutors when initiating a prosecution and in presenting the State's case.  *Imbler*, 424 U.S. at 431.  This includes the preparation and filing of charging documents such as an Information and

-5-

requesting arrest warrants. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). When a prosecutor is engaged in a protected activity, even making false statements during or related to judicial proceedings are covered by immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270-71 (1993).

All of the acts allegedly performed by Defendants Vollbach and Broughton were performed when initiating and presenting the State's case against Plaintiff. The allegedly false statements in the warrant applications were made by the state police officers. Defendants Broughton and Vollbach did not swear to the truth of those allegations. (Docket no. 1-2 at 6, 11). Liability may not attach to them under such circumstances. *See Kalina*, 522 U.S. at 129. The filing of the Information and Supplemental Information against Plaintiff was protected conduct. *See id.* Accordingly, any claims against these Defendants in their personal capacities are barred from the outset. *See Cady v. Arenac County*, __ F.3d __, 2009 WL 2253264 (6th Cir. July 30, 2009). Plaintiff's Count 2 should be dismissed against both Defendants, as well as Counts 3 and 5, based on absolute prosecutorial immunity.

### 4.     Declaratory Relief

In Count 1 Plaintiff requests declaratory relief. (Docket no. 1 at 36). A request for declaratory relief based solely on past wrongdoing is too speculative to state a valid claim upon which relief may be granted. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-11 (1983); *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 967 (6th Cir. 2009), *petition for cert. filed* (July 30, 2009). Therefore, Plaintiff's Count 1 should be dismissed.

### 5.     State Tort Claims

Plaintiff raises in Count 4 the state tort claims of abuse of process and abuse of government powers. (Docket no. 1 at 39). Because this Court is recommending that all federal claims against

Defendants Broughton and Vollbach be dismissed, these state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3).  Therefore, Plaintiff's Count 4 should be dismissed.

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:   August 26, 2009                         s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE