UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,        CIVIL ACTION NO. 08-CV-11436-DT

vs.

                          DISTRICT JUDGE DENISE PAGE HOOD

BARBARA RANGER,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    The Motion to Dismiss filed by Defendant Perrin (docket no. 59) should be **GRANTED**, and this Defendant should be dismissed.

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Perrin. (Docket no. 59). Plaintiff has responded. (Docket no. 62). This action has been referred for all pretrial matters. (Docket no. 6). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). Defendant Perrin's motion is now ready for ruling.

    **A.**    **Facts and Claims**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff is a frequent litigator who has filed actions with similar allegations in the past. *See, e.g., Anthony v. Walker*, No. 07-10351 (E.D. Mich. June 18, 2008) (dismissed summarily for failing to state a claim upon which relief could be granted). Plaintiff names 21 defendants in this action. (Docket no. 1). He seeks a declaratory judgment and compensatory and punitive damages. (*Id.*).

The defendants include correctional staff, an administrative hearings officer, county prosecutors, an attorney, and state police officers. (*Id*.). Defendant Perrin is a Michigan state hearings officer associated with the State Office of Administrative Hearings. (*Id*. at 6). Plaintiff sues him in his personal capacity only. (*Id*. at 7).

Plaintiff's lengthy Complaint details how he engages in "sexually entertaining" conduct by masturbating in the presence of female correctional officers, often when they are making their rounds checking inmates' cells. (Docket no. 1 at 15). Plaintiff alleges that on March 21, 2006 Defendant Perrin held a hearing on the sexual assault major misconduct report made by Defendant Ranger on March 8, 2006. (*Id*. at 14). Plaintiff claims that Defendant Perrin conspired with Defendant Ranger to find him guilty of the offense. (*Id*.). Plaintiff asserts that Defendant Perrin relied upon a video of the outside of Plaintiff's cell to find him guilty when the videotape showed that he did not commit the alleged assault. (*Id*. at 14-15).

Count 1 of Plaintiff's Complaint is for a declaratory judgment. (Docket no. 1 at 36). Count 2 alleges retaliation in violation of the First Amendment. (*Id*. at 37). Count 3 alleges civil conspiracy. (*Id*. at 38). Count 4 alleges claims of abuse of process and abuse of government powers. Finally, Count 5 alleges a violation of civil RICO (Racketeer Influenced Corrupt Organization). (*Id*. at 40). Plaintiff names Defendant Perrin only in Counts 1, 3, and 4.

Defendant Perrin moves to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6). Defendant relies on the arguments advanced by co-Defendants in this action. (Docket no. 59). Defendant also relies on absolute judicial immunity.

**B.     Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

**C.     Analysis**

**1.     Conspiracy**

Plaintiff claims that the Defendant conspired with Defendants Roth and Ranger to violate his rights in Count 3. (Docket no. 1 at 38). Section 1985(3) prohibits two or more persons from conspiring to deprive a person of rights or privileges. 42 U.S.C. § 1985(3). That section requires a showing that the discrimination complained of was based on a factor such as race. *Haverstick Enters., Inc., v. Financial Fed. Credit, Inc.,* 32 F.3d 989, 993-94 (6th Cir. 1994). Plaintiff fails to allege that any acts were committed because of such a factor. Claims of conspiracy under section 1983 must be pled with some specificity; vague and conclusory allegations that are unsupported by material facts are not sufficient to state a claim under section 1983. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff's claims that Defendant Perrin conspired with Defendants Roth and Ranger are simply conclusory allegations unsupported by specific facts. Plaintiff's conspiracy claim against Defendant Perrin is therefore subject to dismissal for failure to state a claim under section 1983 and section 1985. *See Farhat*, 370 F.3d at 599.

Moreover, even if Plaintiff had stated a claim for civil conspiracy, or any other substantive claim, against Defendant Perrin, it would have to be dismissed due to absolute judicial immunity. *See Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); *see also Williams v. McGinnis*, 57 Fed. App'x 662, 664 (6th Cir. 2003). Plaintiff does not dispute that Defendant Perrin is a state hearings officer associated with the State Office of Administrative Hearings and is eligible for immunity. (Docket no. 62; docket no. 1 at 6). Plaintiff argues that such immunity does not apply to actions taken in the complete absence of all jurisdiction. (Docket no. 62 at 3). Plaintiff then argues that by entering into a conspiracy with Defendants Roth and Ranger to find him guilty of the misconduct charge, Defendant acted in complete absence of all jurisdiction. Plaintiff's argument must be rejected. Defendant Perrin as a hearing officer had jurisdiction to decide whether Plaintiff was guilty of the misconduct charged. Plaintiff's argument is more akin to an argument that Defendant made an error, acted maliciously, or acted in excess of his authority. However, absolute judicial immunity is not lost under such circumstances. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Williams*, 57 Fed. App'x at 664. Defendant Perrin's act of finding Plaintiff guilty is protected by absolute judicial immunity, and no claim may be stated based upon such conduct.

### 2. Declaratory Relief

In Count 1 Plaintiff requests declaratory relief. (Docket no. 1 at 36). A request for declaratory relief based solely on past wrongdoing is too speculative to state a valid claim upon which relief may be granted. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-11 (1983); *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 967 (6th Cir. 2009), *petition for cert. filed* (July 30, 2009). Therefore, Plaintiff's Count 1 should be dismissed.

### 3. State Tort Claims

Plaintiff raises in Count 4 the state tort claims of abuse of process and abuse of government powers. (Docket no. 1 at 39). Because this Court is recommending that all federal claims against Defendant Perrin be dismissed, these state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's Count 4 should be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   August 26, 2009              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Lorenzo Anthony and Counsel of Record on this date.

Dated: August 26, 2009                s/ Lisa C. Bartlett
                                      Courtroom Deputy