LORENZO ANTHONY,

      Plaintiff,

                                  Case No. 08-CV-11436-DT

v.

                                  HONORABLE DENISE PAGE HOOD

BARBARA RANGER, et al.,

      Defendants.

_____/

**ORDER REGARDING FOUR (4) REPORTS AND RECOMMENDATIONS**
**AND**
**ORDER REFERRING MATTER TO THE MAGISTRATE JUDGE**

## I.    INTRODUCTION/BACKGROUND

This matter is before the Court on four Reports and Recommendations submitted by Magistrate Judge Mona K. Majzoub. The Reports and Recommendations addressed the various Motions to Dismiss filed by all named-Defendants (except for Defendant Fredrick A. MacKinnon who has not been served): 1) the Report and Recommendation (**Doc. No. 46, filed 6/30/2009**) on Defendants Janice Roth, Thomas Birkett, Dennis Straub, Elijah Neview, Frederic Lockwood, Thelma Williams, Anthony Valone, Steffeny Williamson, Paul Piche, Michael Krajnik, Robert Lesneski, Jennifer Pintar, Jay Samuels and Jennifer Millers' Motions to Dismiss; 2) the Report and Recommendation (**Doc. No. 67, filed 8/21/2009**) on Defendant Barbara Ranger's Motion to Dismiss; 3) the Report and Recommendation (**Doc. No. 69, filed 8/26/2009**) on Defendants Richard E. Vollbach, Jr. and Curtis G. Broughton's Motion to Dismiss; and, 4) the Report and Recommendation (**Doc. No. 70, filed 8/26/2009**) on Defendant Arvid Perrin's Motion to Dismiss.

Plaintiff is a prisoner of the Michigan Department of Corrections ("MDOC"), housed at the

Standish Maximum Correctional Facility ("SMF") located in Standish, Michigan. Plaintiff was housed at the Alger Maximum Correctional Facility ("Alger" or "LMF") prior to his transfer to SMF. Plaintiff alleges five counts in his Complaint: Declaratory Judgment (Count I); Retaliation (Count II); Conspiracy (Count III); Abuse of Process/Abuse of Government Powers (Count IV); and violations under 18 U.S.C. §§ 1961-1968, the Racketeering Influenced and Corrupt Organizations Act ("RICO") (Count V).

In Plaintiff's Objections (Objs., Doc. Nos. 55 and 72)[1] to two of the Magistrate Judge's Reports and Recommendations (R&Rs, Doc. Nos. 46 and 67), he claims that the Magistrate Judge was wrong in setting forth the facts and claims. A review of the Complaint supports some of Plaintiff's Objections as they pertain to the "facts" as alleged by Plaintiff and as to the "claims" asserted by Plaintiff. The confusion may lie in the portion of the Complaint where Plaintiff sets forth the Counts against the various Defendants. The Counts do not specifically state which facts apply to which claims. Plaintiff merely incorporates "paragraphs 24 to 119" of the Complaint under each Count, leaving it up to the Court to determine which "facts" apply to which "claim." Further complicating the matter is that in "paragraphs 24 to 119," Plaintiff alleges "facts" applying to several "claims," naming 19 Defendants (plus John/Jane Does) involved in several "incidents" from issuing misconduct charges based on indecent exposure, destruction of property and possession of stolen property, and issuing criminal complaints. Plaintiff's Objections to two of the Reports and

---

[1] Document No. 52 on the document reflects "Objections" to a Report and Recommendation (Doc. No. 46). However, this documents is an appeal of the Magistrate Judge's Order (Doc. No. 45) granting in part and denying in part Plaintiff's Motion for Extension of Time to File Response/Reply. Because the Court is considering Plaintiff's Objections (Doc. No. 52) and the Magistrate Judge filed the Report and Recommendation (Doc. No. 46), Plaintiff's request in his appeal is moot.

Recommendations appear to clarify Plaintiff's Complaint, in light of what Plaintiff argues as erroneous findings and conclusions by the Magistrate Judge. In an attempt to simplify the issues raised by Plaintiff and the moving Defendants, the Court will address each count separately and incorporate any Objections filed by Plaintiff to the Magistrate Judge's Reports and Recommendations.

## II. ANALYSIS

### A. Standard of Review

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*; *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1987).

Rule 12(b)(6) of the Rules of Civil Procedures provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. The Supreme Court clarified in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1948-50, 173 L.Ed.2d 868 (2009) that:

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *[Twombly,* 550 U.S. at 555] (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, [127 S.Ct. 1955]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. The Supreme Court in *Iqbal* explained that "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Iqbal,* 129 S.Ct. at 1951. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Id.* The Supreme Court assigned no weight to the plaintiff's conclusion allegation that the defendants knowingly subjected him to harsh conditions of confinement solely based on his religion, race and national origin and for no legitimate penological interest. *Id.* The *Iqbal* court went on to elaborate that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct.

at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 127 S.Ct. at 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 127 S.Ct. at 1955). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). As Plaintiff filed the complaint *pro se*, the Court will interpret his papers liberally. *Hughes v. Rowe*, 499 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.     Count I - Declaratory Judgment

Plaintiff alleges in Count I - Declaratory Judgment under 28 U.S.C. § 2201 and Rule 57 of the Rules of Civil Procedures (rule governing declaratory judgments) that all Defendants "violated Plaintiff's constitutional rights and were done without legitimate penological purpose." Plaintiff incorporates paragraphs 24 to 1199 to support this claim. (Comp., Doc. No. 1, pp. 37-38)

Jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, is discretionary. *Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design,* 244 F.3d 521, 526 (6th Cir. 2001). The Act only provides court with discretion to fashion a remedy. *Heydon v. MediaOne of*

5

*S.E. Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Id.* The Declaratory Judgment Act is not "an independent basis for federal subject matter jurisdiction." *Toledo v. Jackson,* 485 F.3d 836, 839 (6th Cir. 2007).

The Court accepts the Magistrate Judge's conclusion that Plaintiff's Declaratory Judgment claim is speculative. (R&R, Doc. No. 46) The Court declines to exercise its discretion under the Declaratory Judgment Act in order to fashion a remedy, such as an injunctive relief, because Plaintiff essentially states a Section 1983 Civil Rights claim based on the First Amendment to be free from retaliation which is set forth in Count II and addressed below. Because the Court finds that Plaintiff fails to state a claim upon which relief may be granted, the injunctive relief provision available under the Declaratory Judgment Act is not applicable. A section 1983 claim for declaratory relief must be dismissed where a plaintiff "has done nothing more than allege past exposure to unconstitutional state action." *See Brown v. Fauber,* 819 F.3d 395, 399-40 (3d Cir. 1987). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983). Count I merely alleges that the Court find and declare that Defendants' past actions, as stated in paragraphs 24 to 119 of the Complaint, violated Plaintiff's rights. Count I for declaratory relief must be dismissed as to all Defendants.

### C.    Count II - First Amendment Retaliation

#### 1.    Applicable Defendants and Law

Plaintiff claims that Defendants Birkett, Krajnic, Straub, Neview, Roth, Ranger, John/Jane Doe, Lockwood, Miller, Williamson, Williams, Broughton, and Vollbach retaliated against him in

violation of Plaintiff's First Amendment Rights without legitimate penological purpose. (Comp., Doc. No. 1, p. 38) Plaintiff incorporates paragraphs 24 to 119 of his Complaint in order to support this claim.

The Court agrees with the Magistrate Judge that *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) sets forth the law regarding a retaliation claim. To establish a First Amendment retaliation claim, a plaintiff must allege that: 1) he was engaged in a protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, 3) there is a causal connection between the two. *Thaddeus-X*, 175 F.3d at 394.

### 2.    Defendants Miller and Williamson

#### a.    March 12, 2006 Major Misconduct Report

Defendants Miller and Williamson are correctional officers at SMF. (Comp., Doc. 1, ¶¶ 7, 13) The Complaint states that on March 12, 2006, Defendant Miller was working and that Plaintiff was "sexually entertaining her" on each round Defendant Miller made and through the day Defendant Miller encouraged Plaintiff. (Comp., Doc. 1, ¶¶ 53-54) Defendant Miller, by herself, video recorded Plaintiff, and later, Defendant Williamson also recorded Plaintiff. (Comp., Doc. 1, ¶¶ 55-56) Defendant Miller told Plaintiff that she was going to write him a major misconduct report for masturbating "and give him a criminal case, because he liked to file lawsuits and grievances on correctional officials, and she'd see how Plaintiff liked fighting a case." (Comp., Doc. 1, ¶ 57) Defendant Miller wrote a major misconduct report against Plaintiff for sexual misconduct dated March 12, 2006. (Comp., Doc. 1, ¶ 57; Ex. 1)

The Magistrate Judge found that Plaintiff failed to state a retaliation claim against

Defendants Miller and Williamson. (R&R, Doc. No. 46) In his Objections (Obj., Doc. No. 55) to the Magistrate Judge's Report and Recommendation addressing Defendants Miller and Williamson's Motion to Dismiss, Plaintiff claims that he alleges a retaliation claim against Defendants Miller and Williamson in his Complaint, paragraphs 53 to 61. (Obj., Doc. No. 55, p. 8) Plaintiff states that the retaliation claim is not on the criminal conviction that resulted from the March 12, 2006 incident but on the major misconduct report written on March 12, 2006.

Filing lawsuits and grievances are protected conduct under the First Amendment. *See Thaddeus-X,* 175 F.3d at 396. The Magistrate Judge found that the protected conduct was Plaintiff's actions of indecent exposure and that such actions are not constitutionally protected. (R&R, Doc. No. 46, p. 6) The Court rejects this finding based on a review of Plaintiff's Complaint. The protected conduct, as it relates to the retaliation claim against Defendants Miller and Williamson, is the filing of the lawsuits and grievances by Plaintiff against various prison officials, not the indecent exposure acts. (Comp., Doc. 1, ¶ 57)

As to the second element–an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct–Plaintiff has met this element pursuant to *Thomas v. Eby,* 481 F.3d 434, 441 (6th Cir. 2007) ("Because inmates convicted of major-misconduct charges lose their ability to accumulate disciplinary credits for that month, inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets.").

Regarding the third element–causation–the Sixth Circuit in *Thomas* reversed the district court's dismissal of a similar case at the pleading stage because the question, in part, centers on the defendant's motive. *Id.* The Sixth Circuit noted that the MDOC cites no case applying the burden-

shifting framework announced in *Mount Health City School District Board of Education v. Doyle,* 429 U.S. 274 (1977) regarding the causation element to a motion to dismiss, stating that "it makes little sense to apply it at the pleading stage." *Thomas,* 481 F.3d at 441-42. After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity. *Id.* at 442. In its opinion, the Sixth Circuit cited the standard, now abandoned by *Twombly* and *Iqbal,* for a motion to dismiss that a complaint cannot be dismissed unless "the plaintiff can prove *no set of facts.*" Under the "plausible" set of facts standard announced in *Twombly* and *Iqbal*, the Complaint sufficiently states a claim based on the factual allegations that Plaintiff previously exposed himself to Defendant Miller, that Defendant Miller encouraged Plaintiff to expose himself, and that Defendant Miller did not write a major misconduct for Plaintiff's actions. At this pleading stage, Defendant Miller is not able to show that she would have taken the same action in the absence of the protected activity as to the *major misconduct report* against Plaintiff. However, the retaliation claim against Defendant Miller must be dismissed as more fully set forth below in the discussion of the criminal complaint.

The retaliation claim against Defendant Williamson must be dismissed because she did not file the major misconduct claim against Plaintiff on March 12, 2006. Defendant Miller was the officer who filed the March 12, 2006 misconduct report against Plaintiff, not Defendant Williamson. A plaintiff must show the personal involvement of each defendant in the alleged constitutional deprivation. *Dunn v. State of Tennessee,* 697 F.2d 121, 128 (6th Cir. 1982); *see also, Scott v. Kilchermann,* 2000 WL 1434456, *2 (6th Cir. Sept. 18, 2000)(unpublished)(An allegation as an adverse witness to a plaintiff on a misconduct hearing fails to state a constitutional claim). The

Court accepts the Report and Recommendation by the Magistrate Judge that Plaintiff failed to state a retaliation claim against Defendant Williamson.

### b. Criminal Complaint re March 12, 2006 Incident/*Heck v. Humphrey*

Even though Plaintiff may have stated a retaliation claim against Defendant Miller as to the March 12, 2006 *major misconduct report*, the retaliation claim is barred under the habeas exception to § 1983 set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Edwards v. Balisok,* 520 U.S. 641 (1997). Unless a prisoner's conviction or sentence was previously set aside by a separate legal or administrative action, a prisoner cannot bring a § 1983 action for damages if a finding for the plaintiff would necessarily invalidate a conviction or sentence. *Heck,* 512 U.S. at 481. A prisoner cannot use a § 1983 action to challenge prison procedures to deprive the prisoner of good-time credits when the alleged procedural defect would, if established, "necessarily imply the invalidity of the punishment imposed." *Balisok,* 520 U.S. at 648. These cases, taken together, indicate that a state prisoner's § 1983 action is barred, no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to a conviction or internal prison proceedings), if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005). However, when the relief sought in a § 1983 action has only a *potential* effect on the amount of time a prisoner serves, the habeas bar does not apply. *Id.* at 82. Because the effect of disciplinary proceedings in a prison setting on good-time credits is a matter of state law or regulation, the court should look at the state law where the prison is located to determine whether the habeas bar applies to a prisoner's claim. *Muhammad v. Close,* 540 U.S. 749, 754 (2004).

In Michigan, the nature of good-time or disciplinary credits depends on when the offense (for

which the prisoner is in prison) was committed.  M.C.L.A. § 800.33(a).  An eligible prisoner who committed his offense before April 1, 1987 receives an automatic sentence reduction for any month in which he has not been found guilty of a major misconduct.  *Id.*  If a prisoner committed an offense on or after April 1, 1987, a prisoner loses five days of disciplinary credits for the month of his major misconduct disciplinary conviction.  M.C.L.A. § 800.33(3).  A warden may also order forfeiture of previously accumulated good-time credits.  *Id.*  The Sixth Circuit held that prisoners who committed their offenses on or after April 1, 1987 were not barred by the *Heck-Edwards* doctrine under § 1983 before a misconduct conviction has been overturned.  The Sixth Circuit reasoned that the best a prisoner could obtain in a civil rights action would not necessarily, only *potentially,* affect the length of a prisoner's sentence and not necessarily imply a *shorter* sentence.  *Thomas,* 481 F.3d at 440; *LaFountain v. Coleman,* 2010 WL 310736, *6 (W.D. Mich. Jan. 21, 2010)(unpublished); *Nali v. Ekman,* 2009 WL 4641737, * 2 (6th Cir. Dec. 9, 2009)(unpublished).

Plaintiff committed the offenses he is in prison for on June 20 and November 5, 1995.  (Doc. No. 33, Ex. A)   If the Court were only to consider the March 12, 2006 major misconduct report, Plaintiff's retaliation claim against Defendant Miller as to the March 12, 2006 major misconduct report would not be barred by *Heck* pursuant to the Sixth Circuit's ruling in *Thomas*.  However, Defendants submitted a copy of the Offender Tracking Information System Offender Profile ("OTIS") for Plaintiff which shows that Plaintiff was convicted by plea for indecent exposure, in violation of M.C.L. § 750.335A, a criminal offense, with an offense date of March 12, 2006.  *Id.*  Plaintiff does not expressly allege in his Complaint that he was charged criminally for the incidents on March 12, 2006, but he does mention Case No. 06-3190 in his Complaint, stating that the criminal sexual conduct criminal charge of Case No. 06-3189 was dismissed "as part of the plea

bargain in no. 06-3190." (Comp., Doc. No. 1, ¶ 86 and Ex. S)  The OTIS report notes that the March 12, 2006 conviction was Court File No. 06003190-FC-B.[2]

The events relating to the March 12, 2006 major misconduct ticket are intertwined, if not the same, as the *criminal complaint* which Plaintiff was convicted of by a plea.  Any challenge to the March 12, 2006 *major misconduct ticket* may necessarily invalidate the conviction of the *criminal complaint* involving the March 12, 2006 offense date since they arise from the same set of facts. Plaintiff's retaliation claim relating to the March 12, 2006 incident is barred by the habeas exception under *Heck* and must be dismissed.  The Court accepts in part and rejects in part the Magistrate Judge's Report and Recommendation as to Defendant Miller but accepts the recommendation that Defendant Miller be dismissed.

### 3.      Defendant Williams

Defendant Williams is an officer at the SMF facility.  (Comp., Doc. No. 1, ¶ 7)  Plaintiff sets forth the allegations against Defendant Williams in paragraphs 62-67 in his Complaint.  Plaintiff claims that on February 16, 2006, Defendant Williams wrote him three sexual misconduct tickets even though prior to that date Plaintiff "sexually entertained" Defendant Williams receiving no major misconduct report or any complaint.  (Comp., Doc. No. 1, ¶¶ 62-63)  On March 2, 2006, Plaintiff kept exposing himself to Defendant Williams who did not tell Plaintiff to stop but encouraged him to continue.  Later in her shift that day, Defendant Williams wrote Plaintiff a sexual misconduct ticket.  (Comp., Doc. No. 1, ¶¶ 64-65).  Plaintiff alleges that Defendant Williams told Plaintiff that she liked him and personally had nothing against him but that she wrote the tickets for

---

[2]    The Court may consider matters of public record and exhibits attached to the complaint when considering the allegations of the complaint.  *Amini,* 259 F.3d at 502.

sexual misconducts because her co-workers forced her to do so because of Plaintiff's lawsuits. Defendant Williams advised Plaintiff to "chill out" because they were out to get him and she could not go against the grain. (Comp., Doc. No. 1, ¶ 66) Plaintiff claims Defendant Williams retaliated against him by writing the sexual misconduct tickets for all the lawsuits filed by Plaintiff.

The Magistrate Judge's Report and Recommendation found that because Plaintiff frequently engaged in acts of indecent exposure, which he is not entitled to perform under the law and prison regulations, Plaintiff failed to state a claim of retaliation when prison officials charged him for such conduct. (R&R, Doc. No. 46) In his Objections, Plaintiff claims that Defendant Williams, prior to February 16, 2006, never wrote a misconduct ticket for indecent exposure, even though he had exposed himself to her on prior occasions. (Obj., Doc. No. 55, p. 12) For the same reasons set forth above and below, the Court rejects the Magistrate Judge's findings as to Defendant Williams.

Pursuant to the *Thomas* case issued by the Sixth Circuit and analysis noted above, the protected conduct Plaintiff alleges in his retaliation claim is the right to file lawsuits and grievances. Plaintiff has met the first element of a retaliation claim set forth in *Thaddeus-X*. *Thaddeus-X,* 175 F.3d at 394. Plaintiff has also met the second element "because inmates convicted of major-misconduct charges lose their ability to accumulate disciplinary credits for that month, inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets." *Thomas,* 481 F.3d at 441. As to the third element, as the Sixth Circuit noted, this element cannot be disposed of at the pleading stage. *Thomas,* 481 F.3d at 441-42. Because Plaintiff has alleged that he had exposed himself to Defendant Williams on numerous occasions prior to February 16, 2006 without being issued a misconduct ticket and that Defendant Williams had told Plaintiff she was writing the misconduct tickets as a result of the

lawsuits he had filed, Plaintiff has alleged sufficient plausible facts to state a claim of retaliation. Defendant Williams' Motion to Dismiss as to the retaliation claim must be denied.

### 4. Defendant Ranger

Defendant Ranger was employed as an assistant resident unit supervisor during the time period set forth in Plaintiff's Complaint. (Comp., Doc. No. 1, ¶ 6)  Plaintiff's allegations against Defendant Ranger are set forth in paragraphs 33 to 52.  Plaintiff claims that on March 8, 2006, Defendant Ranger, while she was delivering legal mail to Plaintiff, told him that staff did not take kindly to prisoners who sued the staff and that if he wanted to be transferred back to Alger, Plaintiff should drop all of his lawsuits and appeal.  (Comp., Doc. No. 1, ¶¶ 37-38)  Later, Plaintiff claims Defendant Ranger returned with a piece of paper which was a motion to drop his appeal, telling Plaintiff he should sign the paper.  (Comp., Doc. No. 1, ¶¶ 42-44)  When Plaintiff told Defendant Ranger "no," Defendant Ranger bent over the food slot, placing her hand on the slot, face down, like she was signing a disbursement, stating, "You're a stupid mother fucker, I'll teach you."  (Comp., Doc. No. 1, ¶ 46)  Plaintiff claims that Defendant Ranger then wrote a fabricated retaliatory major misconduct report for sexual assault stating that while she was signing Plaintiff's legal mail disbursement, Plaintiff slapped her right hand with his erect penis.  (Comp., Doc. No. 1, ¶ 47 and Ex. A)   A criminal complaint based on the March 8, 2006 incident was later brought against Plaintiff, which was dismissed by a motion for *nolle prosequi* per a plea agreement on the March 12, 2006 indecent exposure case.  (Comp., Doc. No. 1, ¶ 48 and Ex. S)  Plaintiff claims that Defendant Ranger retaliated against him for bringing lawsuits against prison officials.

The Magistrate Judge found that Plaintiff stated a retaliation claim.  (R&R, Doc. No. 67) Defendant Ranger's Objections state that the Magistrate Judge ignored the evidence on the record

in finding a retaliation claim because the evidence submitted by Plaintiff shows Plaintiff cannot meet the second element of a retaliation claim–that Plaintiff would have taken the same action in the absence of the protected activity. Defendant Ranger points to Plaintiff's admissions of various acts of exposures, his plea of guilty to a criminal indecent exposure charge and the finding of guilt based on substantial evidence on the major misconduct charge brought by Defendant Ranger. Defendant Ranger also objects that the Magistrate Judge's conclusion was inconsistent with the findings regarding the other Defendants.

In addressing the second element of a retaliation claim, the Sixth Circuit noted that inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets. *Thomas,* at 441. The evidence Defendant Ranger points to in her Objections shows that Plaintiff cannot meet this element because Plaintiff has engaged in sexual misconducts, by his own admission. However, the test set forth in the second element of a retaliatory discharge claim is from the view of an inmate "of ordinary firmness." *Id.* Plaintiff may not be an inmate "of ordinary firmness" but for purposes of a motion to dismiss at the pleading stage, Plaintiff has stated a retaliation claim under the *Thaddeus-X* standard. The Court finds the Magistrate Judge reached the correct conclusion for the proper reasons regarding the retaliatory claim against Defendant Ranger and that Plaintiff has stated such a claim at the pleading stage.

### 5. Defendant Roth

Defendant Roth is a resident unit officer at SMF. (Comp., Doc. No. 1, ¶ 7) Plaintiff's allegations against Defendant Roth are set forth in paragraphs 31 and 41 to 49 of the Complaint. Plaintiff claims that Defendant Roth was with Defendant Ranger on March 8, 2006 and that Defendant Roth falsely wrote a memorandum supporting Defendant Ranger's claim that Plaintiff

assaulted Defendant Ranger with his penis. (Comp., Doc. No. 1, ¶ 48-49) Plaintiff claims Defendant Ross conspired with Defendant Ranger to retaliate against him by false writing a memorandum supporting Defendant Ranger's March 8, 2006 major misconduct report.

The retaliation claim against Defendant Roth must be dismissed because she did not file the major misconduct claim against Plaintiff on March 8, 2006. It was Defendant Ranger who filed the March 8, 2006 misconduct report against Plaintiff, not Defendant Roth. A plaintiff must show the personal involvement of each defendant in the alleged constitutional deprivation. *Dunn,* 697 F.2d at 128; *see also, Scott,* 2000 WL 1434456 at *2 (An allegation as an adverse witness to a plaintiff on a misconduct hearing fails to state a constitutional claim). The Court accepts the Magistrate Judge's Report and Recommendation that Plaintiff failed to state a retaliation claim against Defendant Roth.

### 6.    Defendant Lockwood

Defendant Lockwood is an inspector at SMI. (Comp., Doc. No. 1, ¶ 11) Plaintiff claims Defendant Lockwood was the inspector who sent a referral to the Michigan State Police for criminal charges to be brought against Plaintiff regarding the March 8, 2006 assault of Defendant Ranger. (Comp., Doc. No. 1, ¶ 69) Plaintiff claims Defendant Lockwood's action was part of a conspiracy to retaliate against Plaintiff. (Comp., Doc. No. 1, ¶¶ 73, 79-80, 87, 89-94)

The Magistrate Judge found Plaintiff failed to state a claim of retaliation based on the indecent exposure charges. (R&R, Doc. No. 46, pp. 5-6) Plaintiff objects claiming that he alleged that Defendant Lockwood entered into a conspiracy with numerous Defendants to retaliate against Plaintiff by referring Plaintiff for criminal prosecution. (Obj., Doc. No. 55, pp. 19-20)

The Court accepts the Magistrate Judge's conclusion that Plaintiff failed to state a claim

against Defendant Lockwood. The Complaint does not allege that Defendant Lockwood confronted Plaintiff about any of his lawsuits or that Defendant Lockwood would retaliate against Plaintiff because of the lawsuits Plaintiff had filed against prison officials. There are no plausible facts in the Complaint to show that Defendant Lockwood retaliated against Plaintiff for referring the assault case against Defendant Ranger to the Michigan State Police.

### 7.     Defendants Straub, Birkett and Krajnik

Defendant Birkett is the warden at SMI, Defendant Krajnik is a resident unit manager at SMI and Defendant Straub is a deputy director at MDOC. (Comp., Doc. No. 1, ¶¶ 8-10) The allegations against these three Defendants are set forth in paragraphs 30-32 of the Complaint. Plaintiff was transferred to SMI from Alger on November 22, 2005 so that Plaintiff, along with two other prisoners, could be close to the federal courthouse in Grand Rapids, Michigan for Plaintiff's civil trial in *Anthony v. Smith,* Case No. 4:03-CV-87 (W.D. Mich.). (Comp., Doc. No. 1, ¶¶ 24-26) Plaintiff claims that at the end of his trial on December 6, 2005, the district judge ordered that Plaintiff and the other inmates, be returned to Alger. (Comp., Doc. No. 1, ¶ 27) Plaintiff claims the other inmates were returned to Alger but that Defendants Straub, Birkett and Krajnik cancelled Plaintiff's transfer because of the litigation against Defendant Straub in the cases, *Anthony v. Smith* and *Anthony v. Gilman*, 1:05-CV-426 (W.D. Mich.). (Comp., Doc. No. 1, ¶ 30) Plaintiff claims Defendant Straub communicated to MDOC and SMF officials that Plaintiff should not be transferred from SMF to Alger due to a history of escape but that this reason was untrue and was used to cover up Defendants' retaliation against Plaintiff for pursuing lawsuits against Defendant Straub. (Comp., Doc. No. 1, ¶¶ 31-32)

The Magistrate Judge found that Plaintiff failed to sufficiently allege that being transferred

to SMF was based on a retaliatory motive and there was a causal connection between his transfer and allegedly protected conduct. (R&R, Doc. No. 46 at n. 2) Plaintiff objects to the Magistrate Judge arguing that he sufficiently pled facts to state a claim of retaliation against Defendants Straub, Burkitt and Krajnik for failing to return Plaintiff to Alger. (Obj., Doc. No. 55, pp. 13-14)

The Court accepts the Magistrate Judge's conclusion that Plaintiff failed to state a claim of retaliation against Defendants Straub, Burkitt and Krajnik for failing to return Plaintiff to Alger after the conclusion of his civil trial. The Sixth Circuit has held that absent allegations of adverse action, such as foreseeable consequences of being unable to access the courts, a transfer of a prisoner from one prison to another prison cannot rise to the level of an adverse action which would deter a person of ordinary firmness from the exercise of his First Amendment Rights. *Siggers-E. v. Barlow,* 412 F.3d 693, 701, 704 (6th Cir. 2005); *Hix v. Tennessee Dept. of Corrections,* 196 Fed. Appx. 350 (6th Cir. 2006)(unpublished); *King v. Zamiara,* 150 Fed. Appx. 485, 495 (6th Cir. 2005)(unpublished). Liberally construing Plaintiff's Complaint, the Court finds Plaintiff has failed to state a retaliation claim against Defendant Straub, Burkitt and Krajnik for cancelling Plaintiff's return to Alger prison.

### 8. Defendants Krajnik and Neview

Defendant Neview is a resident unit officer at SMI. (Comp., Doc. No. 1, ¶ 7) As noted above, Defendant Krajnik is a resident unit manager at SMI. The allegations regarding Defendants Krajnik and Neview are set forth in paragraphs 97 to 109 in the Complaint. On June 7, 2006, Plaintiff claims that Defendant Krajnik confronted Plaintiff about a civil case he had filed and also asked about the criminal complaint filed by Defendant Ranger against Plaintiff. (Comp., Doc. No. 1, ¶¶ 97-100) Plaintiff claims that Defendant Krajnik told him not to be difficult because Defendant Krajnik "could hook him up for the damage to cell 129," the cell Plaintiff had moved out of on May

30, 2006. (Comp., Doc. No. 1, ¶ 101) Later that day, a major misconduct report for destruction and misuse of property was issued by Defendant Neview stating that a two inch wide piece of metal was missing from the heat vent of cell 129. (Comp., Doc. No. 1, ¶ 107 and Ex. G.1.) Plaintiff alleges that Defendant Neview fabricated the ticket conspiring with Defendant Krajnik to retaliate against Plaintiff for refusing to stop pursuing his civil case. (Comp., Doc. No. 1, ¶ 108)

The Magistrate Judge found that Plaintiff failed to state a retaliation claim against Defendants Krajnik and Neview concluding that these two Defendants were involved in the indecent exposure major misconduct or criminal charges. (R&R, Doc. No. 46, pp. 5-6) Plaintiff objects stating that he stated a claim for retaliation based on the fabricated major misconduct report regarding destruction of property. (Obj., Doc. No. 55, pp. 12-13)

A review of the Complaint, specifically in paragraphs 97-109, shows Plaintiff alleged that Defendants Krajnik and Neview retaliated against him by filing a false major misconduct report that Plaintiff destroyed or misused certain property from cell no. 129. The Court rejects the Magistrate Judge's factual findings as it relates to Plaintiff's claim against Defendants Krajnik and Neview. However, liberally construing Plaintiff's Complaint, the Court finds Plaintiff has failed to state a retaliation claim against Defendants Krajnik and Neview.

The major misconduct report shows that Defendant Neview was the officer who wrote up the ticket against Plaintiff. The Complaint is void of any allegations that Defendant Neview said anything to Plaintiff regarding Plaintiff's lawsuits and grievances and that Defendant Neview would retaliate against Plaintiff. Although the Complaint alleges that Defendant Krajnik confronted Plaintiff about the civil lawsuits Plaintiff had filed and that Defendant Krajnik would "hook" Plaintiff up for the damage to cell no. 129, because Defendant Krajnik did not write up the

destruction ticket against Plaintiff, Defendant Krajnik cannot be shown to have retaliated against Plaintiff by filing a misconduct ticket against him. A plaintiff must show the personal involvement of each defendant in the alleged constitutional deprivation. *Dunn,* 697 F.2d at 28. Although for a different reason, the Court accepts the Magistrate Judge's conclusion that Plaintiff failed to state a retaliation claim against Defendants Krajnik and Neview.

### 9.    Defendant Valone

Defendant Valone is a law librarian at SMF. (Comp., Doc. No. 1, ¶ 14) Plaintiff's allegations against Defendant Valone are set forth in paragraphs 110 to 118 of the Complaint. Plaintiff claims that Defendant Valone received Plaintiff's legal documents and legal photo copy disbursement on August 1, 2006 so that Defendant Valone could make photo copies of Plaintiff's documents. (Comp., Doc. No. 1, ¶¶ 110-112) Plaintiff claims that on August 4, 2006, Defendant Valone fabricated a major misconduct against Plaintiff alleging that Plaintiff stole an exhibit contained in Plaintiff's documents from another inmate. (Comp., Doc. No. 1, ¶ 114) Plaintiff was eventually found not guilty of the major misconduct hearing. (Comp., Doc. No. 1, ¶ 117)

The Magistrate Judge found that Plaintiff failed to state a retaliation claim against Defendant Valone because there are no specific facts showing a causal connection between the filing of the misconduct charge and Plaintiff's other civil action. (R&R, Doc. No. 46, p. 7) Plaintiff in his Objections states that Defendant Malone knew and had no evidence that Plaintiff stole the exhibit from another inmate.

The Court agrees with the Magistrate Judge that Plaintiff has failed to show a causal connection that the writing of the misconduct charge by Defendant Valone was in retaliation to the suits Plaintiff filed against prison officials. A liberal review of the Complaint fails to allege any

plausible facts to show that Defendant Valone retaliated against Plaintiff.

### 10. Defendants Broughton and Vollbach

Defendant Vollbach is the Arenac County Prosecutor and Defendant Broughton is employed as a prosecutor of Arenac County. (Comp., Doc. No. 1, ¶¶ 12, 16) The allegations against Defendants Vollbach and Broughton are generally set forth in paragraphs 70 to 96. Plaintiff claims that the prosecutors in Arenac County conspired with prison officials to retaliate against Plaintiff by bringing criminal sexual misconduct charges against Plaintiff.

The Magistrate Judge concluded that Defendants Vollbach and Broughton were entitled to absolute immunity as prosecutors. (R&R, Doc. No. 69) Plaintiff filed no Objections to the Magistrate Judge's Report and Recommendation. The Court agrees with the Magistrate Judge's conclusion. As prosecutors, Defendants Vollbach and Broughton are entitled to absolute immunity. *Imbler v. Pachtman,* 424 U.S. 409, 420 (1976). Preparing and filing the charging documents are covered by that immunity. *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997). The motives behind a prosecutor's actions are irrelevant for purposes of immunity. *Eldridge v. Gibson,* 332 F.3d 1019, 1021 (6th Cir. 2003). Even if the prosecutor told a witness to lie, the prosecuting attorney's actions are immune. *Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2003). The Motion to Dismiss filed by Defendants Vollbach and Broughton is granted.

### D. Count III - Conspiracy

Plaintiff alleges a conspiracy charge under 28 U.S.C. § 1985 against Defendants Birkett, Krajnik, Straub, Neview, Roth, Ranger, John/Jane Doe, Lockwood, Perrin, Miller, Williamson, Williams, Piche, Broughton, Vollbach, MacKinnon, Samuels, Lesneski and Pintar. The Magistrate Judge in her Reports and Recommendation concludes that Plaintiff failed to state a conspiracy claim

because Plaintiff cannot show he was discriminated against because of race. (R&Rs, Nos. 46, 67, 69, 79) Plaintiff objects claiming that the motivation for the criminal referrals to the prosecution by Defendant Lockwood was a favor to Defendants Broughton and Vollbach so that they could obtain money from Arenac County, in addition to Plaintiff being black. Plaintiff claims he can show through discovery that Defendant Lockwood referred a high number of black prisoners for prosecution. (Obj., Doc. No. 55, p. 20)

The Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to state a conspiracy claim against Defendants. A plaintiff must establish the following elements to prove a conspiracy claim under 42 U.S.C. § 1985(3): 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, 3) an act in furtherance of that conspiracy, 4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir. 1996); *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir. 1998). A plaintiff must show that the conspiracy was motivated by racial, or other class based animus. *Collyer,* 98 F.3d at 233. The Supreme Court held that a plaintiff must show, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268 (1993), citing *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

A review of the Complaint shows that Plaintiff has failed to state a conspiracy claim. Plaintiff sets forth no plausible facts showing that the alleged conspiracy was motivated by racial or other class based animus, other than stating that Plaintiff is black. The overarching allegations in Plaintiff's Complaint are that Defendants conspired to retaliate against Plaintiff because Plaintiff

22

filed lawsuits and grievances against prison officials. Plaintiff's conspiracy claim against all Defendants must be dismissed.

###    E.    Count IV - Abuse of Process

Plaintiff alleges an abuse of process and abuse of government powers claim against Defendants Ranger, Roth, John/Jane Doe, Lockwood, Broughton, Vollbach, Samuels, Perrin, Lesneski, and Pintar. (Comp., p. 40) The Magistrate Judge recommends that this state law claim should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff objects to the recommended dismissal claiming that he has stated an abuse of process claim but not as a state tort claim but an abuse of government powers claim under the Fourteenth Amendment. (Obj., Doc. No. 55, p. 21)

In Michigan, the state tort claim of an abuse of process are, 1) an ulterior purpose, and 2) an act which is improper in the regular conduct or prosecution of the case. *Peisner v. The Detroit Free Press,* 68 Mich. App. 360, 366 (1976); *Spear v. Pendill,* 164 Mich. 620, 623 (1911); *Friedman v. Dozorc,* 412 Mich. 1, 30 (1981). Malicious purpose alone cannot sustain an abuse of process claim. *Friedman,* 412 Mich. at 31. The improper or ulterior purpose usually takes the form of coercion to obtain a collateral advantage not properly involved in the proceeding itself, such as a form of extortion during the course of negotiations outside the process, rather than the issuance or any formal use of the process itself. *See, Three Lakes Assn. v. Whiting,* 75 Mich. App. 564, 573 (1977).

Because Plaintiff states that he is not alleging a state tort claim of abuse of process, the Court dismisses any such claim. Even if Plaintiff alleged a state tort claim of abuse of process, the claim must be dismissed because the Complaint fails to state any plausible facts showing that the Defendants went beyond the process of bringing charges against Plaintiff–such as to the level of a form of extortion.

As to Plaintiff's claim that he is instead alleging an "abuse of government powers" under the Fourteenth Amendment, as noted in *County of Sacramento v. Lewis,* 523 U.S. 833 (1998), such a claim must also be dismissed for failure to state a claim upon which relief may be granted. The Supreme Court noted that the cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense giving rise to liability under the Fourteenth Amendment. *Id.* at 845-46. The cognizable level of executive abuse of power is conduct that "shocks the conscience." *Id.* at 846; *Ewolski v. City of Brunswick,* 287 F.3d 492, 510 (6th Cir. 2002). In a custodial setting, the deliberate indifference standard may be applicable, depending on the incident presented to the officers. *Stemler v. City of Florence,* 126 F.3d 856 (6th Cir. 1997). The deliberate indifference standard "has been equated with subjective recklessness, and requires the § 1983 plaintiff to show that the state official knew and disregarded and excessive risk to the victim's health and safety." *Ewolski,* 287 F.3d at 513.

This Court's close review of Plaintiff's Complaint reveals that Plaintiff has failed to state an abuse of government powers claim under the Fourteenth Amendment. There are no plausible facts alleged which show that Defendants' actions were deliberately indifferent to Plaintiff's health or safety to the level which shocks the conscience. Plaintiff's overarching claim is that various Defendants conspired to retaliate against him for filing lawsuits and grievances against prison officials. These facts, even if true, do not state a claim for abuse of government powers under the Fourteenth Amendment. Plaintiff's abuse of process/abuse of government powers claim must be dismissed for failure to state a claim upon which relief may be granted.

F.      **Count V - RICO Act**

Plaintiff alleges RICO violations against Defendants Lockwood, Broughton, Vollbach, Samuels, Lesneski, Pintar, Roth, Ranger and John/Jane Doe. (Comp., Doc. No. 1, p. 41) The Magistrate Judge in her Reports and Recommendation found that Plaintiff failed to plead a RICO violation. (R&Rs, Doc. Nos. 46, 67, 69, 70) Plaintiff objects to this conclusion claiming that he has properly pled a RICO claim. The Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to state a RICO claim.

A civil action under 18 U.S.C. § 1962(c) must show that the defendants have engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). A RICO enterprise is defined as "any individual, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The enterprise element must be shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associations function as a continuing unit." *United States v. Turkette,* 452 U.S. 576, 584 (1981). The continuity of structure exists where there is an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than an ad hoc basis. *United States v. Tocco,* 200 F3d 401, 425 (6th Cir. 2000)(quoting *United States v. Kragness,* 830 F.2d 842, 856 (8th Cir. 1987)). A plaintiff must "show an ascertainable structure distinct from any structure inherent in the conduct of a pattern of racketeering activity." *Tocco*, 200 F.3d at 425. An enterprise is a separate and distinct entity from the person or named-defendants. *Durant v. Servicemaster Co.,* 159 F. Supp. 2d 977, 981 (E.D. Mich. 2001)("A RICO enterprise 'cannot merely consist of the named defendants.'")(quotation omitted). Because of the disgrace that a RICO claim may bring to a defendant, courts should eliminate frivolous RICO claims at the earliest stage of litigation. *Id.*

This Court's review of Plaintiff's Complaint reveals that there are no plausible facts alleging a RICO claim. Plaintiff failed to allege an enterprise, other than naming the individual defendants. Plaintiff Plaintiffs have failed to adequately plead the existence of the distinct element of an enterprise. Plaintiff's RICO claim against all Defendants must be dismissed.

### G. Defendants MacKinnon, Jane/John Doe

Defendant MacKinnon, a lawyer, was appointed to represent Plaintiff in the criminal assault charge. (Comp., Doc. No. 1, ¶¶ 15, 81) Defendant MacKinnon has not been served. The Supreme Court has held that a public defender or court appointed counsel does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Co. v. Dodson,* 454 U.S. 312, 325 (1981). Any § 1983 claim against Defendant MacKinnon is dismissed because Plaintiff's Complaint fails to state a claim against his former counsel. Defendant MacKinnon is named in Counts I (Declaratory Judgment) and III (Conspiracy) of Plaintiff's Complaint. Because Plaintiff has failed to state a claim under Counts I and III, these claims against Defendant MacKinnon must be dismissed.

Defendants John and Jane Doe have not been identified by Plaintiff to date. The claims against these Defendant are dismissed without prejudice.

## III.   CONCLUSION

For the reasons set forth above, the Magistrate Judge's Report and Recommendation as to retaliation claim (Count II) is accepted in part and denied in part. The Magistrate Judge's Report and Recommendation as to dismissing the rest of Plaintiff's claims–Declaratory Judgment (Count I), Conspiracy (Count III), Abuse of Process/Abuse of Government Powers (Count IV) and RICO violations (Count V) are accepted and adopted.

Accordingly,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 46, filed 7/15/2009)** regarding the Motion to Dismiss filed by Defendants Lesneski, Pintar, Samuels, Miller, Birkett, Krajnik, Lockwood, Neview, Piche, Roth, Straub, Valone, Williams and Williamson is ACCEPTED IN PART and REJECTED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Birkett, Krajnik, Lockwood, Neview, Piche, Roth, Straub, Valone, Williams and Williamson **(Doc. No. 32, filed 5/18/2009)** is GRANTED IN PART and DENIED IN PART. Defendants Birkett, Krajnik, Lockwood, Neview, Piche, Roth, Straub, Valone and Williamson are DISMISSED with prejudice. Defendant Williams REMAINS as a defendant as to the retaliation claim (Count II) only. Counts I (Declaratory Judgment), III (Conspiracy), IV (Abuse of Government Power) and V (RICO violation) are DISMISSED against Defendant Williams.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants Lesneski, Pintar and Samuels **(Doc. No. 33, filed 5/18/2009)** is GRANTED. Defendants Lesneski, Pintar and Samuels are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Miller **(Doc. No. 36, filed 5/20/2009)** is GRANTED. Defendant Miller is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation on the Motion to Dismiss filed by Defendant Ranger **(Doc. No. 67, filed 8/21/2009)** is ACCEPTED and ADOPTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Ranger **(Doc. No. 41, filed 6/9/2009)** is DENIED. Defendant Ranger REMAINS as a defendant as to the retaliation claim (Count II) only. Counts I (Declaratory Judgment), III (Conspiracy), IV (Abuse of

Government Power) and V (RICO violation) are DISMISSED against Defendant Ranger.

IT IS FURTHER ORDERED that the Report and Recommendation (**Doc. No. 69, filed 8/26/2009**) on the Motion to Dismiss filed by Defendants Vollbach and Broughton is ACCEPTED and ADOPTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants Broughton and Vollbach (**Doc. No. 50, filed 7/10/2009**) is GRANTED. Defendants Vollbach and Broughton are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation (**Doc. No. 70, filed 8/26/2009**) on the MOTION to Dismiss filed by Defendant Perrin is ACCEPTED and ADOPTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Perrin (**Doc. No. 59, filed 7/17/2009**) is GRANTED. Defendant Perrin is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendant MacKinnon is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendants Jane and John Doe are DISMISSED without prejudice.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for a hearing and determination on all pretrial matters, to supervise any discovery, if required, and to ensure the preparation of a Joint Final Pretrial Order and to issue any report and recommendation on any dispositive motions relating to any remaining claim only pursuant to 28 U.S.C. § 636(b)(1)(B).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 30, 2010

I hereby certify that a copy of the foregoing document was served upon Lorenzo Anthony, Reg. No. 247064, Bellamy Creek Correctional Facility, 1727 W. Bluewater Hwy., Ionia, MI 48846 and  counsel of record on March 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager