UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,        CIVIL ACTION NO. 08-CV-11436

vs.

                                DISTRICT JUDGE DENISE PAGE HOOD

BARBARA RANGER,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Barbara Ranger and Thelma Williams (docket no. 102) be **GRANTED** and Plaintiff's complaint be dismissed.

**II.**      **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Ranger and Williams. (Docket no. 102). Plaintiff filed a response and exhibits in opposition to the motion. (Docket nos. 108, 112). Defendants filed a reply. (Docket no. 115). This action has been referred for all pretrial purposes. (Docket no. 6). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(f). Defendants' motion is now ready for ruling.

**A.**      **Facts and Procedural History**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff is presently incarcerated at the Marquette Branch Prison in Marquette, Michigan; however

1

the events giving rise to this action occurred while he was incarcerated at the Standish Maximum Correctional Facility ("SMF") in Standish, Michigan. Plaintiff's complaint alleges five counts against twenty-one Defendants: Declaratory Judgment (Count I); Retaliation (Count II); Conspiracy (Count III); Abuse of Process/Abuse of Government Powers (Count IV); and violations under 18 U.S.C. §§ 1961-1968, the Racketeering Influenced and Corrupt Organizations Act ("RICO") (Count V). (Docket no. 1). The Court has dismissed Plaintiff's claims against all Defendants other than Defendants Ranger and Williams. (Docket no. 78). The only claims remaining against these Defendants are a First Amendment retaliation claim against Defendant Williams for issuing major misconduct tickets against Plaintiff on February 16, 2006 and March 2, 2006, and a First Amendment retaliation claim against Defendant Ranger for issuing a major misconduct ticket against Plaintiff on March 8, 2006. (Docket no. 78).

Plaintiff alleges that Defendant Williams issued him three sexual misconduct tickets on February 16, 2006 for masturbating, when prior to that date he masturbated in front of her without receiving any major misconduct report or complaint. (Docket no. 1, ¶¶ 62-63). Plaintiff alleges that Defendant Williams issued him a sexual misconduct ticket again on March 2, 2006 even though she had encouraged him to masturbate in front of her. (Docket no. 1, ¶¶ 64-65). Plaintiff alleges that Defendant Williams told him on March 2, 2006 that she liked him personally and had nothing against him but that her co-workers forced her to write the sexual misconduct reports because of his lawsuits. (Docket no. 1, ¶ 66). He claims that Defendant Williams issued the major misconduct tickets on February 16, 2006 and March 2, 2006 in retaliation for his involvement in lawsuits and grievances against MDOC staff.

Plaintiff alleges that Defendant Ranger conducted legal mail rounds on March 8, 2006.

2

(Docket no. 1, ¶ 33). He states that when Defendant Ranger reached his cell she asked him if he got tired of filing lawsuits and grievances. (Docket no. 1, ¶¶ 33-35). Plaintiff contends that Defendant Ranger told him that the prison did not take kindly to prisoners who sue the staff and instructed him to drop his lawsuits and appeal if he wanted to be transferred back to Alger. (Docket. no. 1, ¶¶ 35-38). Plaintiff alleges that Defendant Ranger asked him to sign a "motion to drop his appeal," and that when he refused she fabricated a retaliatory major misconduct report for sexual assault, accusing him of slapping her right hand with his erect penis when she was signing his legal mail disbursement form. (Docket no. 1, ¶ 42-47). Plaintiff contends that Defendant Ranger issued the major misconduct ticket on March 8, 2006 without a legitimate penological purpose and in retaliation for his involvement in lawsuits and grievances against MDOC staff.

**B.     Standard of Review**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

3

*1.     Defendant Williams*

Defendants move for summary judgment in favor of Defendant Williams because Plaintiff failed to exhaust his available administrative remedies. At his deposition Plaintiff testified that he does not recall filing any grievances against Defendant Williams for the misconduct tickets she issued on February 16, 2006 and March 2, 2006. (Docket no. 102, ex. A at 28). An affidavit of Richard Stapleton, the Administrator for the Office of Legal Affairs, Michigan Department of Corrections, states that he conducted a search of the MDOC prisoner grievance data base and found no prisoner grievances filed by Plaintiff against Defendant Williams. (Docket no. 102, ex. C). Plaintiff argues that he was not required to file grievances for the retaliatory major misconducts filed by Defendant Williams because the misconducts involve non-grievable issues directly related to the hearing process.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and must be completed before claims can be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate may not merely assume that it would be futile to file a grievance and proceed directly to federal court with his complaints. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so.").

Defendants submitted a copy of the relevant MDOC grievance procedure with their motion. (Docket no. 102, ex. B). MDOC Policy Directive 03.02.130(E) provides that prisoners may file grievances over "alleged violations of policy or procedure or unsatisfactory conditions of

4

confinement which directly affect the grievant." Policy Directive 03.02.130(F)(1) provides that grievances that raise issues involving "[d]ecisions made in hearings conducted by hearings officers" are non-grievable and will be rejected. (Docket no. 102, ex. B).

Plaintiff argues that because a major misconduct report starts the disciplinary hearing process and is the document upon which the hearing officer bases his decision, a grievance against a prison official based on a misconduct report is akin to a grievance of the hearing officer's decision on the misconduct itself. (Docket no. 108). As evidence that it would have been futile to file a grievance against Defendant Williams for retaliation, Plaintiff submitted a rejected August 10, 2006 grievance, SMF-06-08-1737-27A, which he filed against Defendant Ranger, hearing investigator Mahoney, hearing officer Perrin and others. (Docket no. 112, ex. 13). In grievance SMF-06-08-1737-27A, Plaintiff complained that Defendant Ranger issued a retaliatory major misconduct against him for sexual assault. He also complained that hearing officer Perrin and hearing investigator Mahoney intentionally excluded from his major misconduct hearing video footage that would clear him of the charge. (Docket no. 112, ex. 13). Grievance SMF-06-08-1737-27A was rejected at all three steps for raising non-grievable issues. (Docket no. 112, ex. 13).

Plaintiff has not shown that his retaliation claim against Defendant Williams was non-grievable. The fact that the MDOC rejected grievance SMF-06-08-1737-27A for raising non-grievable issues when it was filed against a hearing officer and hearing investigator has no bearing on whether Plaintiff could have grieved his retaliation claim against Defendant Williams. The affidavit of Richard Stapleton states that a prisoner may file a grievance against an MDOC staff person for retaliation, including an allegedly retaliatory major misconduct ticket, as long as the prisoner grievance indicates that it is for the alleged retaliation and is not attacking a guilty finding

5

on the ticket itself. (Docket no. 102, ex. C). Defendant Williams' decision to issue major misconduct tickets to Plaintiff on February 16, 2006 and March 2, 2006 was not a "decision[] made in hearings conducted by hearing officers." Therefore, Policy Directive 03.02.130(F)(1) does not preclude Plaintiff from filing grievances against Defendant Williams for issuing retaliatory major misconduct reports. Plaintiff's argument that it would have been futile to file a grievance does not excuse him from exhausting his administrative remedies as required under 42 U.S.C. § 1997e(a). Accordingly, his claim against Defendant Williams should be dismissed.

*2.    Defendant Ranger*

To establish a claim of retaliation under the First Amendment Plaintiff must show that he was engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and there is a causal connection between the two. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Once the plaintiff has demonstrated protected conduct, adverse action, and a causal relationship, the burden shifts to the defendant to demonstrate that the same action would have been taken regardless of the protected conduct. *Id*. at 399 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). If the defendant can show that she would have taken the same action in the absence of the protected activity, she is entitled to prevail on summary judgment. *Id*.

Plaintiff alleges that Defendant Ranger retaliated against him because of his involvement in lawsuits and grievances against MDOC staff. Plaintiff shows that he filed ten lawsuits against MDOC officials prior to filing the instant lawsuit, some of which were still pending during the time he was incarcerated at SMF. (Docket no. 1 at 43-46; Docket no. 102, ex. A, deposition at 15-17, 20). Plaintiff also claims to have filed grievances against SMF staff. (Docket no. 102, ex. A,

deposition at 18, 26). Filing lawsuits and grievances is protected conduct under the First Amendment. *See Thaddeus-X*, 175 F.3d at 391. Plaintiff has satisfied the first prong of his retaliation claim.

The second prong in a retaliation claim requires proof that an adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct. *Id*. at 398. The Sixth Circuit has held that "inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets." *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir.2007). For purposes of this motion Plaintiff has met the second prong of his retaliation claim.

The final element is causation. Plaintiff must establish a causal connection between Defendant Ranger formally accusing him of sexual assault and his filing of lawsuits and grievances. However, Plaintiff has failed to establish a causal connection. Where a prisoner claims that a prison official retaliated against him by filing false disciplinary charges, "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.' " *Jackson v. Madery,* 158 Fed.App'x. 656, 662 (6th Cir.2005) (citing *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994)). In *Orebaugh v. Caspari,* 910 F.2d 526 (8th Cir.1990), the court held that:

> While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance.

*Id*. at 528.

A hearing officer found Plaintiff guilty of the March 8, 2006 sexual assault misconduct issued by Defendant Ranger. (Docket no. 102, ex. A). This finding satisfies Defendant Ranger's

7

burden of showing that she would have brought the misconduct charge against Plaintiff regardless of his prior lawsuits and grievances. *See Thomas v. Eby*, 481 F.3d at 441-42; *Henderson v. Baird,* 29 F.3d at 469; *Williams v. Prince*, No. 03-CV-73682, 2005 WL 2790534, at *3 (E.D. Mich. Oct. 25, 2005). Defendant Ranger's affidavit verifies that she would have issued the major misconduct ticket even if she had known about Plaintiff's litigation history. (Docket no. 102, ex. ). Defendant Ranger is entitled to summary judgment with respect to the retaliation claim.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: May 9, 2011     s/ Mona K. Majzoub
　　　　　　　　　　　 MONA K. MAJZOUB
　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Lorenzo Anthony and Counsel of record on this date.

Dated: May 9, 2011     s/ Lisa C. Bartlett
　　　　　　　　　　　 Case Manager