UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,                                             Case No. 08-11436
                                                         Honorable Denise Page Hood

v.

BARBARA RANGER and THELMA WILLIAMS,

    Defendants

_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING ACTION

**I. INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R"), dated May 9, 2011 **[Docket No. 118]**. On September 28, 2010, Defendants Barbara Ranger ("Defendant Ranger") and Thelma Williams ("Defendant Williams") filed a Motion for Summary Judgment **[Docket No. 102]**. On May 19, 2011, Plaintiff filed Objections **[Docket No. 119]**. Defendants filed a Response to Plaintiff's Objections on May 20, 2011 **[Docket No. 120]**.

At the time of the events described in the Complaint, Plaintiff was incarcerated at the Michigan Department of Corrections' ("MDOC") Standish Maximum Correctional Facility in Standish, Michigan. He is presently incarcerated at the Marquette Branch Prison in Marquette, Michigan. Plaintiff brings a First Amendment retaliation claim against Defendant Williams for issuing major misconduct tickets against Plaintiff on February 16, 2006 and March 2, 2006, and

a First Amendment retaliation claim against Defendant Ranger for issuing a major misconduct ticket against Plaintiff on March 8, 2006 under 42 U.S.C. § 1983, 1985.

## II. STANDARD OF REVIEW

### A. Report and Recommendation

When examining a Magistrate's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment be entered if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate if the evidence shows that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson* 477 U.S. at 249-250

(citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III. APPLICABLE LAW & ANALYSIS

The R&R recommends that Defendant's Motion for Summary Judgment be granted. This Court accepts and adopts the Magistrate Judge's findings and analysis.

#### A. Defendant Williams

Plaintiff objects to Defendant Williams' dismissal arguing that the grievance remedy was unavailable to him because the MDOC Policy Directive 03.02.130 makes issues involving hearings conducted by hearing officers non-grievable. MDOC Policy Directive 03.02.130 (F)(1). The Court agrees with the Magistrate Judge that Plaintiff has failed to exhaust all available administrative remedies. However, as the Magistrate Judge indicated, Plaintiff cannot "fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

The Prison Litigation Reform Act ("PLRA") requires the Plaintiff to exhaust all available administrative remedies before bringing an action in this Court. 42 U.S.C. § 1997e; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Plaintiff did not file any grievances against Defendant Williams for the misconduct tickets she issued on February 16, 2006 and March 2, 2006. Defendant Williams is entitled to dismissal.

#### B. Defendant Ranger

Plaintiff objects to Defendant Ranger's dismissal arguing that the misconduct ticket was based on fabricated incident. The Court agrees with the Magistrate Judge that Plaintiff does not

establish all the requirements for a First Amendment retaliation claim against Defendant Ranger. Specifically, Plaintiff must show that he engaged in protected conduct, an adverse action was taken against him, and there is a casual connection between the adverse action and the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Although Plaintiff satisfied the first two prongs, he was found guilty of misconduct and was not entitled to perform the conduct subject to the misconduct tickets. Defendant Ranger would have issued the misconduct tickets regardless of Plaintiff engaging in protective conduct. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994). As the Magistrate found, Plaintiff has not established a causal connection and Defendant Ranger is entitled to summary judgment.

### IV. CONCLUSION

For these reasons, the Court accepts the recommendation to grant Defendants' Motion of Summary Judgment.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Mona K. Majzoub's Report and Recommendation **[Docket No. 118, filed May 9, 2011]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment **[Docket No. 102, filed September 28, 2010]** is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed April 3, 2008]** against Defendant Williams is **DISMISSED** without prejudice for failure to exhaust available administrative remedies before commencing the case.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed April 3, 2008]** against Defendant Ranger is **DISMISSED** with prejudice.

s/Denise Page Hood
United States District Judge

Dated:  August 29, 2011

I hereby certify that a copy of the foregoing document was served upon Lorenzo Anthony #247064, 2727 E. Beecher Street, Adrian, MI 49221 and  counsel of record on August 29, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager