UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,

v.

                                    Case No. 08-11436
                                    Honorable Denise Page Hood

BARBARA RANGER and THELMA WILLIAMS,

    Defendants

    _____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER**

    Now before the Court is Plaintiff's Motion for Relief from Judgment or Order filed pursuant to Federal Rule of Civil Procedure 60. The Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants on August 29, 2011 [Docket Nos. 122, 123].

    Essentially, Plaintiff asks that the Court reconsider its order accepting and adopting the Magistrate Judge's recommendation to grant summary judgment in favor of Defendants. The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Pursuant to Rule 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plan." *Olson v. The Home Depot*, 321 F.Supp.2d 872,

874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3). Plaintiff's motion fails for two reasons. First, Plaintiff's motion is untimely. The Court entered judgment in August 2011 and Plaintiff did not file the present motion until October 7, 2011. However, notwithstanding the timeliness of Plaintiff's motion, it fails to present any palpable defect that misled the Court or the parties. Plaintiff simply rehashes arguments that the Court has already expressly or implicitly ruled upon.

Even considering Plaintiff's motion under Federal Rule of Civil Procedure 60, Plaintiff fails to demonstrate that he is entitled to relief. Rule 60 allows the Court to provide relief from a judgment or order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such a motion must be made within a reasonable time, or in regards to grounds (1), (2), or (3), within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1). Whether a motion for relief has been filed within a reasonable time "depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Plaintiff has not shown the presence of mistake, new evidence, fraud, or any other basis for relief under Rule 60. Plaintiff simply reargues issues already raised and considered by the

Court. Plaintiff's arguments do not demonstrate that he is entitled to relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment **[Docket No. 130, filed October 7, 2011]** is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 14, 2012

I hereby certify that a copy of the foregoing document was served upon Lorenzo Anthony #247064, 1960 U.S. Hwy 41 South, Marquette, MI 49855 and counsel of record on May 14, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager